UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Loretta Aiken,<br>Plaintiff,<br><br>v.<br><br>EYM Pizza of SC, LLC d/b/a Pizza Hut,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* sexual harassment, and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about April 14, 2025.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Loretta Aiken, is a citizen and resident of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, EYM Pizza of SC, LLC d/b/a Pizza Hut, upon information and belief, is a foreign corporation organized in the State of Texas and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

1

7.   The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9.   The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about June 2021, the Plaintiff began working for the Defendant as a cashier.

11. The Plaintiff was sixty-nine (69) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was subjected to discrimination by derogatory comments made by the Store Manager, Barry, where he would call the Plaintiff an "Old Hag," and would say "I like having sex with old ladies, pump them hard and break their bones."

13. Despite Plaintiff reporting the discriminating behavior, Defendant did not take appropriate action to resolve the problems.

14. Barry would continue to make comments, and he would tell customers that he and Plaintiff were "going out," and that the Plaintiff was his girlfriend.  The Plaintiff would tell him repeatedly that he needed to stop, but he told the Plaintiff to find another job.

15. The General Manager, Sheree, told Plaintiff that it didn't matter how old Plaintiff was, she had to stand up in the back room and fold boxes, even though the other similarly situated younger employees were allowed to sit up in front and fold the boxes.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Plaintiff was then terminated on or about November 7, 2023, said reason for Plaintiff's termination being totally pretextual in nature.

## FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

20. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ Plaintiff due to her age;

    b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

    c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

21. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

22. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

23. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Sexual Harassment - Title VII of Civil Rights Act of 1964

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Defendant, as Plaintiff and Barry's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Barry to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

    c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

26. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

27. As a direct and proximate result of the acts and practices of Defendant in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. That as alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination and sexual harassment.

30. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

31. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

32. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

33. The Plaintiff's reports of age discrimination and sexual harassment were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination and sexual harassment, she would not have been terminated.

34. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

35. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

36. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

37. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

38. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

39. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have her lost wage amount doubled against the Defendant.

## **REQUEST FOR RELIEF**

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

42. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

5

North Charleston, South Carolina
July 11, 2025